

Craig C. Marchiando, Esq.
craig@clalegal.com

763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Phone 757.930.3660
Fax 757.930.3662

**VIA ECF**

May 16, 2022

Hon. Lorna G. Schofield
United States District Judge
U.S. District Court – S.D.N.Y.
500 Pearl Street
New York, NY 10007

*Defendant shall respond to this letter by May 18, 2022. So Ordered.*

*Dated: May 17, 2022*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Demetrius Coleman v. 26 Motors Corp, et al.*, No. 1:21-cv-10537-LGS.

Your Honor:

My firm is co-counsel for Plaintiff Demetrius Coleman in this matter. Because of several issues relating to the May 24, 2022 hearing the Court has set on the issue of formation of an agreement to arbitrate Plaintiff's claims against Defendant, Plaintiff proposes adjourning the hearing and allowing discovery on the formation question. The reasons for these requests are set forth fully below.

## BACKGROUND

This case arises from Defendants' fraudulent conduct relating to a vehicle purchase. (ECF 1 ¶¶ 1–3.) After visiting the dealership of Defendant 26 Motors and agreeing to purchase a vehicle, 26 Motors duped Plaintiff into a fraudulent transaction, by which 26 Motors improperly affixed Plaintiff's signature to transaction documents without his knowledge or consent. (*Id*. ¶¶ 27–30.) As a result of its deception, 26 Motors obtained fraudulent paperwork that increased the final sale price more than $20,000 over both the advertised and negotiated price for the vehicle (*Id*. ¶¶ 31, 35.)

Plaintiff asserts claims against 26 Motors under the Truth in Lending Act, New York's Motor Vehicle Retail Installment Sales Act, New York General Business Law §§ 349 and 350, and for common-law fraud. (*Id*. ¶ 4.) Plaintiff presses these same claims against Defendant Chase Bank as an assignee of the fraudulent transaction. (*Id*. ¶ 18.)

Defendant sought the Court's leave to file a motion to compel arbitration, which Plaintiff opposed and argued that there was no validly formed agreement to arbitrate. (ECFs 18, 20.) The Parties later "jointly request[ed] that Your Honor schedule a conference to discuss the Court's

availability for a mini-trial and to determine an appropriate schedule for the parties to exchange discovery regarding the arbitration dispute." (ECF 21.) Following those submissions, the Court ordered Defendant to supplement its letter brief to address the choice-of-law question on the issue of contract formation. (ECF 22.) Defendant submitted that supplement on May 3, 2022. (ECF 23.)

After the close of briefing on Defendant's request to file its motion, on May 9, 2022, the Court terminated the proposed motion to compel arbitration and effectively denied the parties any discovery or even any opportunity to discuss targeted, case-appropriate discovery with the Court, scheduling a remote hearing for May 24, 2022 on the issue of formation of an agreement to arbitrate. (ECF 24.) That Order set May 17 and 18 as deadlines by which the Parties were to exchange exhibits and witness lists, without an allowance for discovery or the appointment of a jury to hear and decide the controversy. (*Id.*)

Because of irreconcilable scheduling conflicts, the need for discovery, and Plaintiff's demand that the question of formation be decided by a jury, Plaintiff requests that the Court adjourn the May 24 hearing, to be reset on a date that allows for targeted discovery on the issues to be presented and at which a jury will be present to hear evidence and decide the formation question.

## DISCUSSION AND REQUESTED RELIEF

**I.     Plaintiff Demands A Trial By Jury On The Formation Question.**

The Federal Arbitration Act ("FAA") expressly entitles parties against whom arbitration is sought to be compelled, but who protest on the ground that there is not a validly formed agreement to arbitrate, a trial by jury on that issue:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, *demand a jury trial of such issue*, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9 U.S.C. § 4 (emphasis added). Plaintiff hereby demands a jury trial on all issues of fact concerning the purported arbitration agreement, including all issues of fact relating to formation of the purported agreement. *See Ayad v. PLS Check Casher of N.Y., Inc.*, No. 20-cv-01039 (CBA) (CLP), 2021 WL 4756091, at *8 (E.D.N.Y. July 26, 2021), *report & recommendation adopted as modified*, No. 20-cv-01039 (CBA) (CLP), 2021 WL 4272472 (E.D.N.Y. Sept. 21, 2021) (ordering, on plaintiff's request, a jury trial on issue of formation). The Court should therefore order one.

**II.     Plaintiff Requests That The Court Adjourn The May 24 Hearing.**

     **A.     Plaintiff And His Counsel Have Irreconcilable Conflicts With The May 24 Hearing Date.**

Plaintiff and his Counsel understand the seriousness of Court settings, and do not lightly ask that they be moved. Here, however, such a request is unavoidable because of conflicts with their calendars that cannot be altered to permit attendance at the May 24 hearing.

Plaintiff Demetrius Coleman has a scheduled medical appointment on May 24. This appointment concerns a recent, potentially serious development in Mr. Coleman's health. Due to the urgent nature of this development, Plaintiff needs to attend this appointment and will therefore be unable to attend a hearing on May 24.

Plaintiff's wife, also a witness who was present during the purchase transaction, is out of the country and does not return until June 4. Her absence will significantly hamper Plaintiff's ability to present his case, as even Defendant acknowledges that Plaintiff's wife is a key witness. (*See* ECF 18 at 2 (noting its intent to rely on "the Affidavit of the dealership's Business Manager who, over two hours of interaction with Plaintiff and his wife, personally explained the terms of the RIC, including the Arbitration Provision").)

My co-counsel, Daniel Schlanger, is scheduled to take a deposition in another matter on May 24. That deposition cannot be rescheduled because discovery in that matter closes on May 25, a date on which there is an additional deposition already scheduled. The court in that matter has informed the parties that there will be no additional adjournments granted.

The undersigned is likewise unavailable, as I will be on a previously scheduled, pre-paid family vacation the week of May 23 through May 27.

For all of these reasons, Plaintiff, his wife, and his Counsel will be unable to attend the May 24 hearing, and ask that the Court adjourn and reschedule it. This is a first request for adjournment.

     **B.     The Court Should Set The Jury Trial With Sufficient Time To Permit Targeted Discovery On The Issue Of Formation.**

Discovery apart from what is already in the Parties' hands is vital to the jury's ability to understand the evidence and render an informed decision. For instance, Plaintiff does not have any information from Defendant (or any potential third parties) relating to the actual assembly of the documents—how information is presented to consumers, how signatures are gathered electronically, and how that data becomes part of the alleged agreement to arbitrate.

Separately, the signatures on the agreements Plaintiff possesses do not match—one appears to be original, one electronic. Plaintiff therefore anticipates the need for expert testimony regarding the genuineness of certain signatures, and potentially as to the way in which Defendant's computer systems presented and gathered information and created the documents Defendant will say control

the case. Those experts will require access to the original documents (not in Plaintiff's possession), as well as information currently unknown to Plaintiff regarding what software and hardware was used in connection with the digital signature.

These issues, and others, all relate to the validity of the purported agreement to arbitrate, so discovery relating to formation is necessary. While courts, including this one, recognize that such discovery should be limited as Section 4 of the FAA notes, they nonetheless agree that—under circumstances like these—"parties may seek targeted discovery on the disputed contract-formation questions." *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 844 (6th Cir. 2021); *see Nieto v. 2249 Corp.*, No. 16 CIV. 7947 (LAP), 2018 WL 1737220, at *6 (S.D.N.Y. Mar. 22, 2018) (deciding that a trial on issue of formation appropriate and ordering parties to submit a proposed schedule addressing, among other things, discovery they intend to complete before the trial); *Becker v. DPC Acquisition Corp.*, No. 00 CIV. 1035 (WK), 2002 WL 1144066, at *8 n.3 (S.D.N.Y. May 30, 2002) (allowing parties the ability to conduct discovery before Section 4 hearing on formation); *see also Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 175 (1st Cir. 2021) (citing *Boykin* and holding it is appropriate to permit discovery "'targeted' to the 'disputed contract-formation questions'"); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013) (noting that "the non-movant 'must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity' of the arbitration agreement" even before the court concludes that a trial on formation is appropriate); *Deputy v. Lehman Bros.*, 345 F.3d 494, 511 (7th Cir. 2003) (reversing decision that denied party the ability to present evidence relating to formation at hearing on motion to dismiss, finding the aggrieved party "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of" the opponent's signature on the purported agreement to arbitrate before the trial on formation).

Plaintiff therefore requests that the Court adjourn the May 24 hearing, and permit the Parties to discuss and submit a proposed discovery and trial schedule on the issue of formation, with such submission due within 14 days of the Court's ruling on the relief Plaintiff requests.

Plaintiff sought Defendant's consent to the relief proposed herein. Defendant would not consent, remarking that its Counsel has made arrangements to attend the hearing, so Plaintiff and his Counsel should be able to as well. Defendant also believes that "the entire sales folder/jacket generated and maintained by 26 Motors in its normal course of business for the Coleman transaction at issue" is sufficient information for it to produce, and that Plaintiff has not timely demanded a jury trial. Plaintiff disagrees with all of these points.

## CONCLUSION

Because Plaintiff, his wife, and his Counsel are unavailable for the currently scheduled hearing on May 24, they ask that the Court adjourn it. The FAA entitles Plaintiff to a jury trial on the issue of formation of the arbitration agreement, and he demands such a trial for the rescheduled hearing.

      Consistent with the case law collected above, Plaintiff further requests that the Court permit targeted discovery on the issue of formation, on a schedule to allow that discovery to be completed before the formation trial.

      Respectfully submitted,

      _____*/s Craig C. Marchiando*_____
      Craig C. Marchiando

      *Counsel for Plaintiff*

cc: all counsel of record