```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEMETRIUS COLEMAN,                              :
                         Plaintiff,             :
                                                :         21 Civ. 10537 (LGS)
           -against-                            :
                                                :              ORDER
26 MOTORS CORP., et al.,                        :
                         Defendants,            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on April 8, 2022, Defendant filed a pre-motion letter arguing that the case should be dismissed and decided by an arbitrator pursuant to the arbitration clause in the contract at issue (Dkt. No. 18).  The Court ordered Plaintiff to respond to Defendant's letter by April 18, 2022 (Dkt. No. 19).

  WHEREAS, on April 18, 2022, Plaintiff argued that the contract was never properly formed and proposed first resolving the contract formation issue (Dkt. No. 20).  Plaintiff did not demand a jury trial.

  WHEREAS, on May 3, 2022, Defendant agreed to resolving the contract formation issue first (Dkt. No. 23).

  WHEREAS, on May 9, 2022, the Court scheduled an evidentiary hearing for May 24, 2022 (Dkt. No. 24).

  WHEREAS, on May 16, 2022, Plaintiff filed a letter demanding a jury trial after targeted discovery on the contract formation issue, requesting to adjourn the evidentiary hearing and representing that Plaintiff and his counsel have a scheduling conflict (Dkt. No. 25).

  WHEREAS, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such

agreement. Five days' notice in writing of such application shall be served upon the party in default. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . . [T]he party alleged to be in default may. . . on or before the return day of the notice of application, demand a jury trial of such issue."

WHEREAS, Defendant's April 8, 2022, letter is construed as the notice of application. Plaintiff's return day of the notice of application was April 18, 2022. It is hereby

**ORDERED** that Plaintiff's demand for a jury trial is denied as untimely under 9 U.S.C. § 4. It is further

**ORDERED** that the evidentiary hearing scheduled for May 24, 2022, is adjourned. The parties shall appear for an evidentiary hearing over Zoom on **June 24, 2022, at 3:15 P.M.** The hearing will last no more than 90 minutes. The Court will email the parties the Zoom link prior to the conference. The public may listen to the conference by calling 888-363-4749 and entering access code 558-3333. It is further

**ORDERED** that by **June 6, 2022**, the parties shall exchange any exhibits they intend to introduce into evidence at the hearing, as well as the names of any witnesses they intend to call at the hearing. By **June 6, 2022**, the parties shall email the exhibits and the witness names to the Chambers email address at Schofield_NYSDChambers@nysd.uscourts.gov. Plaintiff's request for discovery is denied as unnecessary, except as ordered in this paragraph. It is further

**ORDERED** that no application for relief from this Order shall stay the deadlines set forth herein, and any stay, adjournment or extension shall be only by order of the Court.

The Clerk of Court is respectfully directed to close the motion at Dkt. No 25.

Dated: May 23, 2022
       New York, New York

                              _____
                              **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**