**SCHLANGER LAW GROUP LLP**

March 21, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
U.S. District Court - S.D.N.Y.
500 Pearl Street
New York, New York 10007

Defendants shall file a response, not to exceed three pages, by **March 31, 2023**. So Ordered.

Dated: March 24, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Re: | *Demetrius Coleman v. 26 Motors Corp, et al.* |
| Index: | 1:21-cv-10537-LGS |

Your Honor:

My firm is co-counsel to Plaintiff in the above-referenced action. I write on behalf of the Plaintiff to respectfully request that the Court reinstate the previously ordered arbitration and, additionally, to compel the Defendants to pay their respective portion of the costs of arbitration.

The Plaintiff commenced this action against Defendants 26 Motors Corp. and JPMorgan Chase Bank, N.A. on December 9, 2021 (Docket Entry No. 1). The Defendants submitted an application seeking dismissal and to compel arbitration on April 8, 2022 (Docket Entry No. 18). The parties thereafter reached an agreement to submit their dispute to binding arbitration administered by JAMS pursuant to its Rules, Procedures and Protocols and to dismissal of the Plaintiff's Complaint without prejudice, fully preserving the parties' claims and defenses (Docket Entry No. 30). The Court ordered the parties to arbitration pursuant to their Stipulation and Agreement to Submit Dispute to Arbitration on June 7, 2022 (Docket Entry No. 30).

On July 12, 2022, after JAMS received the Demand for Arbitration of the parties' dispute, it determined that its Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness applied. The JAMS Minimum Standards of Procedural Fairness state that the "only fee required to be paid by the consumer is $250," and that "[a]ll other costs must be borne by the company, including any remaining JAMS Case Management Fee and all professional fees for the arbitrator's services." Also on July 12, 2022, JAMS invoiced the Defendants for $1,500 for the arbitration.

On August 30, 2022, JAMS notified the parties that it had received $250.00 from the Plaintiff and that the Defendants "must pay the remaining $1500" of its fee. On December 13, 2022, Defendants still had not paid the remaining $1,500 and JAMS closed its file and terminated the arbitration.

Following JAMS' closure of the file, opposing counsel advised Plaintiff's counsel via email dated December 27, 2022 that he would "work with JAMS to get this case back on track toward arbitration when JAMS reopens on January 3, 2023." However, Defendant has still failed to pay the fee. With respect to arbitration, the Defendants have defaulted, and Plaintiffs are entitled to relief. *See Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015).

**New York:**
80 Broad Street, Suite 3103
New York, NY 10004

**New Jersey:**
333 Fairview Avenue
Westwood, NJ 07675

**T.** 212.500.6114
**F.** 646.612.7996
**E.** dschlanger@consumerprotection.net

*Please use our New Jersey address for all hard copy correspondence.*

The Defendants' failure to pay the JAMS fee after moving to compel arbitration and then stipulating to arbitrate before JAMS has prejudiced Plaintiff.

The Federal Arbitration Act expressly permits the Court to grant the relief Plaintiff requests, providing:

> A party aggrieved by the *alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration* may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order *directing that such arbitration proceed in the manner provided for in such agreement*.

9 U.S.C. § 4 (emphasis added). In their Stipulation And Agreement to Submit Dispute to Arbitration, Defendants unequivocally agreed to submit this dispute to arbitration: "The parties agree to submit their dispute to a binding arbitration administered by JAMS pursuant to its Rules, Procedures and Protocols." (ECF 30 ¶ 1.) In the intervening months since the Court entered that Order, Defendants have failed to live up to their end of the bargain, which requires them to pay the fees to initiate the arbitration per the JAMS rules. Yet, Defendants have not, through either failure, neglect, refusal, or some combination of these points. They have repeatedly ignored JAMS's requests that the filing fee be paid so the arbitration proceeding can commence. A party is not permitted to refuse to arbitrate by electing not to pay for arbitration. *Tillman v. Tillman*, 825 F.3d 1069, 2016 U.S. App. LEXIS 10818 (9th Cir. 2016). Also, a party in default of arbitration may not attempt to "stay district court proceedings" or compel arbitration again in the future. *Sink v. Aden Enters.*, 352 F.3d 1197, 1200 – 01 (9th Cir. 2003).

In order to move the parties' dispute toward a resolution and correct for the inequity caused by the Defendants' failure to participate in the arbitration process, Plaintiff requests, pursuant to Section 4 of the FAA, that the Court reinstate the arbitration and order the Defendants to pay the $1,500 JAMS arbitration fee. In the alternative, Plaintiffs request that the Court enter an order prohibiting the Defendants from seeking to compel arbitration in the future and reinstating the litigation.

We thank the Court for its attention to this matter.

Respectfully,

*/s/Daniel A. Schlanger*

Daniel A. Schlanger

cc: all counsel of record