# NICHOLAS GOODMAN & ASSOCIATES, PLLC

**333 PARK AVENUE SOUTH, SUITE 3A**
**NEW YORK, N.Y. 10010**
_____
**(212) 227-9003**

H. NICHOLAS GOODMAN
PATRICK L. SELVEY, JR.
_____
ALFRED R. FUENTE
COUNSEL

CAMILLE M. ABATE
ROBERT P. PREUSS*
OF COUNSEL
*ALSO ADMITTED IN NEW JERSEY

**Via ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

> By **October 6, 2023**, the parties shall file a joint letter advising whether they agree to participate in settlement discussions before Judge James L. Cott or through SDNY's Mediation Program. So Ordered.
>
> Dated: September 29, 2023
>        New York, New York
>
> _____
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: *Demetrius Coleman v. 26 Motors, et al*, 1:21-cv-10537-LGS

Dear Judge Schofield,

I write on behalf of Defendants in the above referenced action in response to Plaintiff's counsel September 7, 2023, correspondence requesting that this Court issue an Order compelling Defendants to pay the fees required to commence arbitration of the parties' dispute at JAMS.

By way of background, over the course of this action Defendants served Plaintiff's counsel with an Offer of Judgment and subsequently made an increased offer including a significant cash component. Plaintiff rejected those offers.

Due to Defendant 26 Motors Corp.'s deteriorating financial condition and the exorbitant fees proposed by JAMS, Defendants then agreed to engage in private mediation in lieu of arbitration at JAMS. However, before that could be arranged, 26 Motors Corp. wound down its operations, then closed its business entirely. 26 Motors Corp. has no assets and is moving toward formal dissolution.

Beyond that, we learned that Plaintiff stopped loan payments to Defendant Chase Bank, N.A. ("Chase") in April 2022 and Chase subsequently wrote off Plaintiff's loan with over $45,000.00 remaining due. Nonetheless, Plaintiff retained possession of the vehicle and, upon information and belief, he continues to possess and operate it to this day. In other words, he has had the use of a 2020 Dodge Durango for the last year and half completely free of charge.

We note that should Plaintiff somehow overcome the overwhelming documentary and other evidence exonerating Defendants, laid out in prior correspondence to this Court,[1] Defendant Chase's exposure would be limited under the "holder" rule to the amounts actually expended by Plaintiff in the transaction at issue, without recourse to attorney fees. We calculate that amount to be approximately $18,000.00 (Plaintiff's $12,000.00 downpayment and approximately $6,000.00 paid to Chase before he stopped making payments).

---

[1] Note also that Defendants served Plaintiff's counsel with notice under FRE 609 of their intent to introduce evidence of Plaintiff's criminal convictions, including, ironically in this case in which Plaintiff accuses 26 Motors of forgery, his conviction for Forgery in Second Degree, as well as two other convictions.

**NICHOLAS GOODMAN & ASSOCIATES, PLLC**

And even assuming for argument's sake that Defendants might be found liable herein, Plaintiff's damages would presumably be reduced or eliminated altogether given his default on the Chase loan and his resulting extensive free use of the vehicle.

In any event, 26 Motors Corp. has no assets from which to fund a settlement or to fund arbitration at JAMS. At the same time, as things now stand, Plaintiff owes Chase some $45,000.00 making Chase absolutely averse to contributing toward either settlement or arbitration fees.

All that said, Defendants are open to entertaining a creative solution to finally resolve this matter and accordingly seek suggestions from Plaintiff's counsel as to how that might be accomplished. To the extent the parties remain unable to resolve their differences without judicial intervention, Defendants request that Your Honor restore this matter to your docket and then immediately refer this case to the Court's mediation program or to a Magistrate Judge for a settlement conference.

Thank you for your consideration of this matter and for your patience in handling this case. We look forward to hearing from you shortly.

Very truly yours,

H. Nicholas Goodman

cc: all counsel of record